IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THOMAS BELK                                                            PLAINTIFF

vs.                                   Civil No. 1:16-cv-01076

NANCY A. BERRYHILL                                DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Thomas Belk ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability applications on January 28, 2013. (Tr. 12). In these applications, Plaintiff alleges being disabled due to respiratory problems and a cut windpipe. (Tr. 203). Plaintiff alleges an onset date of August 15, 2004. (Tr. 12). His applications were denied initially and again upon reconsideration. (Tr. 67-110).

Plaintiff requested an administrative hearing on his denied applications. (Tr. 134-135). This hearing request was granted, and Plaintiff's administrative hearing was held on June 13, 2014 in

1

Texarkana, Arkansas. (Tr. 9-24). At this hearing, Plaintiff was present and was represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Anderson testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.965(c) (SSI). (Tr. 33). As for his education, Plaintiff testified he graduated from high school but never received additional education. (Tr. 33).

On June 11, 2015, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 9-24). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 15, 2004, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic pulmonary insufficiency, limited visual acuity, and other unspecified arthropathies. (Tr. 15-18, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 18-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> Giving claimant the benefit of the doubt, I find that he has the ability to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) [lift and/or carry 10 pounds occasionally and less than 10 pounds frequently]. He can stand and/or walk for about two hours in an eight-hour workday, but sit up to six hours in an eight-hour workday. He is not limited in pushing and/or pulling with his upper or lower extremities. The claimant's vision is reduced by limited near acuity that

2

requires avoiding work that involves reading print smaller than found in newsprint. He has no other exertional limitations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found he had no PRW he could perform. (Tr. 22, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony and considering his RFC, the ALJ determined Plaintiff retained the capacity to perform the following light occupations: (1) folder with 52,00 such jobs in the nation and 1,300 such jobs in Arkansas; (2) assembler with 54,000 such jobs in the nation and 600 such jobs in Arkansas; and (3) buckler/lacer with 52,000 such jobs in the nation and 1,000 such jobs in Arkansas. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from August 15, 2004 through the date of his decision or through June 11, 2015. (Tr. 23, Finding 11).

Plaintiff sought review with the Appeals Council. On June 23, 2016, the Appeals Council denied this request for review. (Tr. 1-3). On August 24, 2016, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 6, 9, 11. This case is now ready for determination.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

4

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the following: (A) the ALJ erred in assessing his RFC; and (B) the ALJ erred by not considering the *Polaski* factors. ECF No. 9 at 1-7. Defendant has responded to Plaintiff's brief and claims his case should be affirmed. ECF No. 11. The Court will consider both of these arguments.

   A.  **RFC Determination**

Plaintiff claims the ALJ erred in assessing his RFC. ECF No. 9 at 5-6. Upon review of this argument, however, it appears Plaintiff is claiming the ALJ mistakenly found he could perform light work but then stated in his hypothetical to the VE that he could only perform sedentary work. *Id.*

Upon review of the ALJ's RFC determination, the ALJ found Plaintiff *could perform* sedentary work, which the ALJ then properly presented to the VE as a part of his hypothetical. Thus, the Court finds no error on this issue.

   B.  **Credibility Determination**

Plaintiff claims the "ALJ did not take the Polaski Factors into consideration when assessing

5

Mr. Belk's credibility." ECF No. 9 at 6. Upon review of the ALJ's opinion, however, the Court finds the ALJ stated and fully considered the *Polaski* factors when finding Plaintiff's subjective complaints were not fully credible.

Indeed, the ALJ recognized Plaintiff can perform a number of daily activities, including shopping in stores for groceries, paying bills, going to church, going to sporting events, reading, and watching sports on television. (Tr. 20). The ALJ recognized Plaintiff did not supply relevant medical records "even though he was given time after the hearing to do so." *Id.* The ALJ recognized Plaintiff could have his poor vision "easily corrected by an eye exam and glasses." *Id.* The ALJ noted Plaintiff had not received any "significant" medical treatment since the 1990s. *Id.*

Upon review, the Court finds these are "good reasons" for discounting Plaintiff's subjective complaints. Thus, the Court defers to the ALJ's credibility determination. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (the court normally defers to the ALJ's credibility determination when the ALJ gives "good reasons" for discounting a claimant's subjective complaints).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of August 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE